**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
VS. ) **NO. CR 21-00310 JD**
) **NO. CR 21-00414 JD**
VERONICA KATZ and SIMON KATZ, )
)
Defendants. )
)

San Francisco, California
Monday, October 23, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
ISMAIL J. RAMSEY
United States Attorney
450 Golden Gate Avenue
San Francisco, California 94102
**BY: CHRISTIAAN H. HIGHSMITH**
**ASSISTANT UNITED STATES ATTORNEY**

For Defendant Veronica Katz:
MOEEL LAH FAKHOURY LLP
2006 Kala Bagai Way - Suite 16
Berkeley, California 94704
**BY: SHAFFY MOEEL, ATTORNEY AT LAW**

For Defendant Simon Katz:
LAW OFFICES OF SHAWN HALBERT
217 Lidesdorff Street
San Francisco, California 94111
**BY: SHAWN HALBERT, ATTORNEY AT LAW**

Remotely Reported: Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
U.S. District Court - Official Reporter

**Monday - October 23, 2023** **11:23 a.m.**

**P R O C E E D I N G S**

---000---

**THE CLERK:** Calling criminal case number 21-310, United States versus Veronica Katz and 21-414, United States versus Simon Katz.

Counsel, please approach the podium and state your appearances for the record starting with the Government.

**MR. HIGHSMITH:** Good morning again, Your Honor, Chris Highsmith for the United States.

**MS. MOEEL:** Good morning, Your Honor, Shaffy Moeel for Ms. Katz who is present before the Court.

**MS. HALBERT:** Good morning, Your Honor, Shawn Halbert on behalf of Simon Katz who is also present and out of custody.

**THE COURT:** Okay. Well, this thing has been around for a while. What's happening, Mr. Highsmith?

**MR. HIGHSMITH:** Your Honor, the last time we appeared in this courtroom, I said that I would supercede the indictment and that at the next hearing I would ask for a trial date.

So I have superceded the indictment and joined both of these Defendants and added additional counts. And I would like a trial date. I will repeat myself. Last time --

**THE COURT:** Yeah.

**MR. HIGHSMITH:** -- we were in court, you said that you had second quarter availability. We have now set a trial for

May 26th. So, the Government defers to the Defense and the Court on the --

**THE COURT:** I could do April maybe. How about April?

**MR. HIGHSMITH:** We are trying Mr. --

**THE COURT:** Sorry, can't do April. Okay. So, it will have to be -- just to be safe, I think we should probably say July.

**MR. HIGHSMITH:** The Government is available.

**THE COURT:** All right. Okay. Defendants?

**MS. HALBERT:** Good morning, Your Honor -- again, Your Honor. So, Mr. Katz and I did not know that there was a superceding indictment until Friday afternoon. The Government did not notify me or Mr. Katz. He has not been arraigned on the superseding indictment.

So, there are now technically two cases pending before Your Honor with Mr. Katz as a Defendant. One is the 414 and then there is the superseding indictment that he has not been arraigned on.

As for -- as for the status statement that I filed with Your Honor, because of the Government's failure to both provide Mr. Katz with money for an attorney based -- after my three requests in June and the failure to prosecute the case for the past four months --

**THE COURT:** You haven't responded to that yet, have you?

**MR. HIGHSMITH:** I don't believe there was a motion filed. I don't think there was a motion requesting release of the funds.

**THE COURT:** Is there a motion? Are you just --

**MS. HALBERT:** Your Honor, I cited Supreme Court authority to the Government. They never responded. I literally --

**THE COURT:** You have to bring a motion.

**MS. HALBERT:** I mean, maybe. I don't think so. I can do that but --

**THE COURT:** Are you making a motion is what I'm asking you?

**MS. HALBERT:** Your Honor, I don't think there's -- I don't think that Mr. Katz should have to make a motion because --

**THE COURT:** You have to make a motion. Do you want to move to dismiss the indictment for some reason? You need a motion.

**MS. HALBERT:** Well, I will be doing that. But as for the trial date, we do not waive time and so --

(Simultaneous crosstalk.)

**THE COURT:** -- the time, please. Are you going to file a motion?

**MS. HALBERT:** For -- to dismiss the indictment, yes.

**THE COURT:** All right. You can respond then. I will

take it up in due course.

All right. Let's hear from Ms. Moeel.

**MS. MOEEL:** Your Honor, we don't want to --

**THE COURT:** Can I just ask one question? Are the Defendants going to be tried together or separately?

**MS. MOEEL:** Well, if there is a motion to sever Defendants, that's part of what our briefing schedule would contemplate.

**THE COURT:** You haven't decided yet.

**MS. MOEEL:** We haven't decided yet. I mean, the superseding indictment came down on Thursday. I have had a brief opportunity to speak to Ms. Katz about it.

**THE COURT:** That's fine. You want to think about it a little bit longer, that's okay.

**MS. MOEEL:** Your Honor, I don't intend to violate Rule 11 but because the Government knows, Ms. Katz is not intending to go to trial.

**THE COURT:** That's probably enough.

**MS. MOEEL:** Okay. In any event --

**THE COURT:** You know, the rules for this are so complicated. I just don't want to --

**MS. MOEEL:** That's fine.

**THE COURT:** I will let you work it out with Mr. Highsmith. He has proven to be a very reasonable person, as you have in your prior cases, so I'm confident you two can

get something done if you wish to. If you don't wish to, that's fine.

I will set a date. Let's just put it on the calendar and we will see what happens. Did I say June or July?

**THE CLERK:** July.

**THE COURT:** What's the first Monday after the 4th?

**THE CLERK:** July 8th you have a jury trial.

**THE COURT:** Oh.

**THE CLERK:** July 15th would be the next available Monday or July 1st.

**THE COURT:** How long do you think the other case will take, Mr. Highsmith?

**MR. HIGHSMITH:** The Government's case will take ten days.

**THE COURT:** No. In the other one that we set with Mr --

**MR. HIGHSMITH:** Oh, Pallermo and Roldan, three weeks.

**THE COURT:** Three weeks?

**MR. HIGHSMITH:** For the two of them together, yeah.

**THE COURT:** Okay. And how much for Mr. Finkelson?

**MR. HIGHSMITH:** Short. He will be four days.

**THE COURT:** Four days, roughly?

**MR. HIGHSMITH:** Approximately four or five days.

**MS. HALBERT:** Your Honor, not only does Mr. Katz not waive time, but I'm in a four-month Nuestra Familia trial in

front of Judge Gonzales Rogers from April 1st through the end of July.

**THE COURT:** I will set you for March. Can you do March?

**MR. HIGHSMITH:** Yes, Your Honor.

**MS. HALBERT:** Speedy Trial is going to expire in January. I'm just putting everyone on notice.

**THE COURT:** When in January?

**MS. HALBERT:** It depends on how long the Court takes to decide the motions, but I'm going to file a short -- the regular two weeks filing date and then --

**THE COURT:** I'm not agreeing. It is a right but I have to agree that the Speedy Trial clock is not going to be --

**MR. HIGHSMITH:** Well, also, Your Honor, under 3161(h)(6), the Defendants are properly joined and have not been severed. So, there is an exclusion of time under that grounds as well.

**MS. HALBERT:** For what ground?

**THE COURT:** Well, I can't really do it in January. Can you do it in January?

**MR. HIGHSMITH:** The Government is always available, Your Honor.

**THE COURT:** Really? All right.

(Pause in proceedings.)

**THE COURT:** I'm going to put it in the minutes. I

have to look at my schedule.

**MS. HALBERT:** Thank you.

**THE COURT:** All right. Ms. Moeel, are you going to waive time?

**MS. MOEEL:** Your Honor, we --

**THE COURT:** It would be between now and whatever trial date I put down in the minutes.

**MS. MOEEL:** Between that and whatever trial date you put in the minutes.

**THE COURT:** Yes.

(Pause in proceedings.)

**MS. MOEEL:** Yes.

**THE COURT:** Okay. Time is waived for -- I'm sorry your client is Veronica? Ms. Moeel, your client is Veronica?

**MS. MOEEL:** Yes, Your Honor, Veronica Katz.

**THE COURT:** Okay.

**MR. HIGHSMITH:** Your Honor, if I may, the Government would move to exclude time for Simon Katz under 18 3161(h)(6), which is Defendants who have been joined for trial. These Defendants have been joined in a superseding indictment. Therefore, the Government moves to exclude time --

**THE COURT:** 3161(h), as in Harry,(6)?

**MR. HIGHSMITH:** Correct.

**THE COURT:** All right. I will take a look at it.

**MR. HIGHSMITH:** Thank you, Your Honor.

**MS. MOEEL:** I'm sorry, real quick to clarify the record.

**THE COURT:** Yes.

**MS. MOEEL:** Your Honor, again I withdraw our time waiver, I'm sorry. I was thinking the inverse. We are not going to waive time at this time.

**THE COURT:** All right. Well, when does time expire?

**MR. HIGHSMITH:** It's different for the -- so, the back story is Ms. Halbert filed a motion to vacate her trial date; that Your Honor granted her motion to vacate but did not set a subsequent trial date.

She did not move to exclude time. And so, time has not been excluded from August 23rd, which was the previous trial date, going forward. So, I'm not going to do the math in my head right now.

**THE COURT:** August 23rd is the start date?

**MR. HIGHSMITH:** That's the start date.

**THE COURT:** When does time lapse?

**MR. HIGHSMITH:** Seventy days after that.

**THE COURT:** Ms. Halbert?

**MS. HALBERT:** Your Honor, I think it would be October 27th but there are two indictments pending before this Court. So, the time -- I was going to ask the Court to please arraign Mr. Katz on the superseding indictment since the Government did not alert us to the indictment or set us in

magistrate court; but that -- I have to do the research as to whether the Speedy Trial carries over to a new indictment. I don't know the answer to that because this is all so new.

**THE COURT:** I mean, I can set it for tomorrow. Do you want to do that rather than a big song and dance?

**MR. HIGHSMITH:** Set what for tomorrow?

**THE COURT:** Trial. I mean, if it is October, you know, it's 25th -- what is it, 23rd?

**THE CLERK:** Tomorrow is the 24th.

**MR. HIGHSMITH:** I would not ask to set it for tomorrow, Your Honor. I would ask to set it at the earliest for January and I would ask to exclude time until then.

**THE COURT:** All right. I tell you what, why don't you -- just file, if you can today, just a very short, one or two paragraph, request for exclusion and the basis for it, any docket things, okay. And then you two can respond tomorrow and I will decide. All right.

**MS. HALBERT:** Your Honor --

**THE COURT:** The idea that I'm going to -- I mean, this is a serious case. I'm not going to let -- justice will be served. So, I wouldn't count on it. Okay. All right. Thanks.

**MS. HALBERT:** Your Honor, I also just have a question. Is Mr. Katz being tried on two cases or is the Government planning on dismissing the old indictment?

**THE COURT:** Don't ask me. You two work it out.

**MS. HALBERT:** Got it. Thank you.

**MR. HIGHSMITH:** Thank you, Your Honor.

(Proceedings adjourned at 11:32 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: May 18, 2026

Marla Knox

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter